IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STANLEY SHEPPARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-336 (MTT) ) |
| ROBINS AIR FORCE BASE, | ) ) |
| Defendant. | ) ) |

**ORDER**

On September 6, 2023, plaintiff Stanley Sheppard, proceeding pro se, filed his complaint.  Doc. 1.  He has also moved to proceed *in forma pauperis* ("IFP").[1]  Doc. 6.  For the reasons stated, Sheppard's motion to proceed IFP (Doc. 6) is **GRANTED**.  However, Sheppard's complaint lacks allegations that Sheppard may have omitted because of his pro se status.  Thus, the Court **ORDERS** Sheppard to amend his complaint.

**I.  DISCUSSION**

**A. Financial Status**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

---

[1] Sheppard previously moved to proceed IFP using the incorrect forms.  Docs. 2; 4.  He has since used the correct form.  Doc. 6.  Therefore, his two prior motions (Docs. 2; 4) are **TERMINATED as moot**.

such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (internal quotation marks and citation omitted).  To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* at 1307 (internal quotation marks and citation omitted).  Instead, "[s]uch an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (internal quotation marks and citations omitted).  District courts are given wide discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

Sheppard's IFP affidavit establishes that he cannot pay the court fees. Doc. 6. Thus, the Court finds that Sheppard is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (Doc. 6) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Sheppard is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

In his complaint and civil cover sheet, Sheppard provides no allegations against the defendant. Docs. 1; 1-1. Indeed, the only facts in his complaint are his name and the defendant's. Doc. 1 at 3. And in his civil cover sheet, Sheppard failed to check off the basis of jurisdiction, the citizenship of the parties, and the nature of the suit. Doc. 1-1. Thus far, Sheppard's allegations are nonexistent, and the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pros se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). However, given Sheppard's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

The amended complaint will take the place of and supersede Sheppard's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).

Sheppard may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Sheppard's recast complaint should clearly state (1) allegations against the defendant; (2) what the defendant did (or did not do) to violate his rights; (3) when and where each action occurred; and (4) how Sheppard was injured as a result of the defendant's actions. If, in his recast complaint, Sheppard fails to clearly link the defendant to a claim, the claim will be dismissed.

For these reasons, Sheppard is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings. Sheppard shall have until **November 13, 2023** to file his amended complaint.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Sheppard's motion to proceed IFP (Doc. 6) is **GRANTED**, and Sheppard is ordered to amend his complaint no later than **November 13, 2023**.

**SO ORDERED**, this 23rd day of October, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
