IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STANLEY SHEPPARD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:23-CV-336 (MTT) |
| ROBINS AIR FORCE BASE, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

On September 6, 2023, plaintiff Stanley Sheppard, proceeding pro se, filed this lawsuit against Robins Air Force Base and moved to proceed *in forma pauperis* ("IFP"). Docs. 1; 2. The Court granted Sheppard IFP status, but because his original and first amended complaints were lacking, the Court ordered him to recast before it conducted a frivolity review pursuant to 28 U.S.C. § 1915. Docs. 7; 8; 9. Sheppard filed his second amended complaint on November 28, 2023, adding defendants Coty Floyd and Kevin Hamilton. Doc. 10. For the following reasons, his second amended complaint (Doc. 10) is **DISMISSED**.

### I. BACKGROUND

Sheppard was employed at Robins Air Force Base as an electroplater. Doc. 10 at 9. From June 2018 through February 2019, Sheppard was reprimanded "numerous" times. *Id*. at 10-13. "Before any proposed discipline was imposed, however, the Agency would withdraw the proposal based on the allegation of additional violations." *Id*. at 10-12. Sheppard asked for additional training, which he did not receive. *Id*. at 14. Sheppard was eventually "placed on non-duty with pay status." *Id*. at 13. He alleges

this leave occurred after he informed Floyd, his supervisor, of certain issues, including the failure to receive "proper training." *Id*. at 7. He was terminated on May 3, 2019. *Id*. at 13.

Sheppard filed a grievance with his union on May 17, 2019. *Id*. at 8. "Unable to resolve the grievance through the grievance process, the matter went to arbitration with hearing dates of: May 10, 12, 17, 18, and 24 with briefs filed on or before June 28, 2021." *Id*. at 14. Although it is not entirely clear, it appears the arbitration was unsuccessful. *Id*. at 15-16.

Based on the above events, Sheppard alleges the defendants violated his Fourteenth Amendment equal protection rights. *Id*. at 7. He further alleges Floyd's conduct resulted in a hostile work environment and that Floyd retaliated against him for "bringing [the] issues up." *Id*.

## II.  STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions. 28 U.S.C. § 1915. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). The Court shall dismiss the case if it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless'

or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim] is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Sheppard is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

### III. DISCUSSION

Sheppard alleges hostile work environment and retaliation claims against Floyd and an equal protection claim against all three defendants. Doc. 10 at 7. He seeks only monetary relief. *Id*. at 5.

**A. Hostile Work Environment and Retaliation**

Sheppard alleges his hostile work environment and retaliation claims are brought pursuant to the Fair Labor Standards Act ("FLSA"). On his civil cover sheet, he checked FLSA as the nature of his suit and he used a FLSA complaint form. Docs. 10 at 1; 10-1. But he does not allege any wage or hour violations. And there is no hostile work

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

environment claim available under FLSA.  29 U.S.C. § 201, *et seq*.; *Cook-Benjamin v. MHM Corr. Servs., Inc.*, 571 F. App'x 944, 949 (11th Cir. 2014).  Moreover, Sheppard does not allege that either of these two claims are based on his membership in a protected class.  For example, he does not claim he was "retaliated" against because of his race or gender or that a "hostile work environment" resulted from disability discrimination.  Accordingly, Sheppard's complaint has not plausibly alleged hostile work environment or retaliation claims and those claims are **DISMISSED**.

**B. Equal Protection and First Amendment Retaliation Claims**

Sheppard alleges the defendants violated his Fourteenth Amendment equal protection rights "by not giving [him] the two week notice of [his] firing" and "by not giving [him] proper training as required."  Doc. 10 at 7.  The Court construes Sheppard's equal protection claim as a Fifth Amendment due process claim.  The Fourteenth Amendment applies to the states.  U.S. Const. Amend. XIV, § 1; *Herederos De Roberto Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1307 (11th Cir. 2022) ("[T]he relevant constitutional provision … is the Fifth Amendment's Due Process Clause, which applies to the federal government and its courts, not the Fourteenth's, which applies to the states.").  Conversely, the Fifth Amendment's due process clause applies to the federal government.  U.S. Const. Amend. V; *United States v. Johnson*, 981 F.3d 1171, 1191 (11th Cir. 2020) ("[T]he Fifth Amendment's guarantee of due process under the law embodies within it the concept of equal justice under the law.").  Sheppard further alleges Floyd retaliated against him after Sheppard told Floyd he had not received "proper training," which the Court liberally construes as a First Amendment retaliation claim.  *Id*.

Constitutional claims against state actors can be brought under 42 U.S.C. § 1983 and constitutional claims against federal actors can be brought under *Bivens*.[2]

First, under the doctrine of sovereign immunity, the United States is immune from suit for monetary relief unless Congress has expressly waived immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").  The United States has not waived its sovereign immunity and consented to be sued under § 1983 or *Bivens*.  Thus, Robins Air Force Base is immune from Sheppard's constitutional claims.

Moreover, under § 1983, only "[p]ersons acting under color of state law" may be sued.  Floyd and Hamilton, as federal employees, do not act under color of state law. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).

Finally, *Bivens* claims have been recognized by the Supreme Court in only three contexts: under the Fourth Amendment for an unreasonable seizure arising from a warrantless arrest of a man in his home, *Bivens*, 403 U.S. at 396; under the Fifth Amendment's due process clause for gender discrimination arising from the termination of a congressional aide, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and under the Eighth Amendment's cruel and unusual punishment clause arising from the failure to provide medical care to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19 (1980).  "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*

---

[2] In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court found that there is an implied right of action arising directly under the Constitution for damages against federal officers, in limited situations, when a plaintiff's constitutional rights have been violated by a federal officer acting under the color of federal law.  403 U.S. 388, 389 (1971).

*v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  Since those cases were decided, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Id.* at 1857 (collecting cases).

Determining the viability of a *Bivens* claim requires a "two-step inquiry." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).  First, the court must ask whether the claim "arises in a 'new context' or involves a 'new category of defendants'" different from those in *Bivens*, *Davis*, or *Carlson*.  *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).  The answer is almost always yes because a context is "new" if a claim differs in any "meaningful way … even if it is based on the same constitutional provision" as the claims in those cases.  *Id.*  For example, a case might differ in a meaningful way "because of the rank of the officers involved" or because of "the generality or specificity of the official action."  *Abbasi*, 137 S. Ct. at 1860.  When a case arises in a new context, the court "must proceed to the next step and ask whether there are factors that counsel" against implying a *Bivens* remedy in such a context. *Hernandez*, 140 S. Ct. at 744.  To "be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Abbasi*, 137 S. Ct. at 1858.

As for Sheppard's retaliation claim, the Supreme Court has "refus[ed] to extend *Bivens* to … First Amendment speech claim[s] involving federal employment."  *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) (citing *Bush v. Lucas*, 462 U.S. 367 (1983)).

As for Sheppard's Fifth Amendment due process claim, although "it is based on the same constitutional provision" as the claim in *Davis*, the Eleventh Circuit has held that the Civil Service Reform Act ("CSRA") "is a special factor counseling against

recognition of" "job-related *Bivens* actions by federal employees." *Lee v. Hughes*, 145 F.3d 1272, 1276-77 (11th Cir. 1998) ("[T]he *Davis* Court did not consider the effect of the CSRA on Davis's *Bivens* claim because the CSRA had been enacted immediately prior to the ruling and the preemptive effect of the Act was not an issue before the Court."); *Stephens v. Dep't of Health and Hum. Servs.*, 901 F.2d 1571, 1577 (11th Cir. 1990).

Accordingly, Sheppard's Fifth Amendment due process and First Amendment retaliation claims are **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Sheppard's complaint (Doc. 10) fails to state a claim and is **DISMISSED without prejudice**.[3]

**SO ORDERED**, this 31st day of January, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

---

[3] "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).  It is likely that the statutes of limitations have run on Sheppard's claims because the events upon which those claims rely occurred on or before May 3, 2019, and it is unknown whether the alleged May-June 2021 arbitration tolled those statutes of limitations.  Doc. 10 at 9-14.  The Eleventh Circuit has explained that "where the statute of limitations would preclude refiling," another opportunity might be appropriate.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020).  Based on the facts of this case—the Court gave Sheppard three chances to plausibly state a claim—no circumstances warrant providing Sheppard with another opportunity.  Docs. 1; 8; 10.